IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 06-5123 |
| v. | : : | |
| MICHAEL EGAN, et al., | : : | |
| Defendants/ Counterclaim Plaintiffs, | : : : | |
| v. | : : | |
| USI HOLDINGS CORPORATION, et al., | : : | |
| Counterclaim Defendants. | : | |

| | | |
|---|---|---|
| MICHAEL EGAN, JR., et al., | : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | NO. 07-0447 |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | : : : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Before the court is an oral motion made by Counterclaim Plaintiffs Michael Egan ("M. Egan"), Jill Egan ("J. Egan") and Mark Buzby ("Buzby") in Civil Action No. 06-5123 to remand Civil Action No. 06-5123 to the Court of Common Pleas of Philadelphia, as well as a Motion to Remand (Docket No. 9) filed by Plaintiffs M. Egan, J. Egan and Buzby in Civil Action No. 07-0447 to remand Civil Action No. 07-0447 to the Court of Common Pleas of Philadelphia. Since

these matters are related, the court will address these motions together. An abbreviated procedural history follows.

Civil Action No. 06-5123 was initiated through the filing of a complaint in this court on November 20, 2006 (Docket No. 1) by Zurich American Insurance Company ("Zurich"). M. Egan, J. Egan and Buzby filed an Answer to the Complaint, along with Second Amended Counterclaims against USI Holdings Corp., USI Midatlantic, Inc., Zurich, Bristol Township and Suzanne Newsome on March 8, 2007 (Docket No. 40). On April 10, 2008 a Motion to Dismiss with Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Civil Action No. 06-5123, Docket No. 40) was filed. The court granted this motion in an order dated April 11, 2008. As a result of this order, the only claims remaining in Civil Action No. 06-5123 are the counterclaims alleged by Counterclaim Plaintiffs M. Egan, J. Egan and Buzby against Counterclaim Defendants USI Holdings Corp. and USI Midatlantic, Inc. The court held a telephone conference with all counsel in Civil Action No. 06-5123 on April 10, 2008. During this call, in anticipation of the court's dismissal order pursuant to Rule 41(a)(2), Counterclaim Plaintiffs made an oral motion that the matter be remanded to state court because only state-law claims would remain. Counterclaim Defendants USI Holdings Corp. and USI Midatlantic, Inc. oppose this motion and ask the court to retain jurisdiction of Civil Action No. 06-5123.

Civil Action No. 07-447 was initiated when a matter originally filed by M. Egan, J. Egan and Buzby in the Court of Common Pleas of Philadelphia County was removed to the District Court of the Eastern District of Pennsylvania on February 1, 2007 (Docket No. 1). This complaint named USI Holdings Corp., USI Midatlantic, Inc., Zurich, Bristol Township as defendants. Plaintiffs M. Egan, J. Egan and Buzby filed a Motion to Remand to the Court of

Common Pleas of Philadelphia County (Docket No. 9), and responses in opposition were filed thereto.  On April 10, 2008 a Motion to Dismiss with Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) (Civil Action No. 07-447, Docket No. 37) was filed.  The court granted this motion in an order dated April 11, 2008.  As a result of this order, the only claims remaining in Civil Action No. 07-447 are those between M. Egan, J. Egan and Buzby and USI Holdings Corp. and USI Midatlantic, Inc.  In written communications with the court, as well as during the telephone conference held on April 10, 2008, M. Egan, J. Egan and Buzby have made it clear that they still seek the remand of Civil Action No. 07-447, to which USI Holdings Corp. and USI Midatlantic, Inc. are opposed.

     The issue before the court is whether the court, in its discretion, should continue to exercise supplemental jurisdiction over the remaining counterclaims and claims in Civil Action Nos. 06-5123 and 07-447, respectively.  The court answers this question in the negative and declines to exercise supplemental jurisdictions for the reasons that follow.  Civil Actions Nos. 06-5123 and 07-447 are dismissed and remanded to the Court of Common Pleas of Philadelphia County.  Any pending motions in either of the above-captioned matters are denied as moot.

     Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if the "district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The decision whether to exercise supplemental jurisdiction over any remaining state law claims under 28 U.S.C. § 1367 is solely within the discretion of the district court. "[W]here the claim over which the district court has jurisdiction is dismissed before trial, the district court must decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing

so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995); see United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (directing courts to take into account principles of "judicial economy, convenience, and fairness to the litigants"). The United States Supreme Court in Gibbs explained that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. at 726.

The Third Circuit has held that supplemental jurisdiction "should be declined where the federal claims are no longer viable, absent '*extraordinary circumstances*.'" Shaffer v. Bd. of Sch. Dirs. of the Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (quoting Tully v. Motts Supermarkets, Inc., 540 F.2d 187, 196 (3d Cir. 1976)) (emphasis added); see City of Pittsburgh Comm'n on Human Relations v. Key Bank USA, 163 Fed. Appx. 163, 166 (3d Cir. 2006) (unpublished) (following Tully and Shaffer and reiterating that if "all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist"); but see Growth Horizons, 983 F.2d at 1285 n.14 (questioning the proposition that a district court must dismiss all pendent claims once it dismisses the federal claim absent extraordinary circumstances in light of the current version of 28 U.S.C. § 1367, which provides that courts may decline to exercise jurisdiction if all federal claims are dismissed). The Third Circuit has found that "substantial time devoted to the case" and "expense incurred by the parties" does not constitute extraordinary circumstances. Tully,

540 F.2d at 196.

USI Holdings Corp. and USI Midatlantic, Inc. argue that judicial economy, convenience and fairness to the parties weigh in favor of the court's exercise of supplemental jurisdiction. They argue that this court's familiarity with the facts of these matters, the "extensive motion practice which has already occurred" and the complexity of these matters warrants the court's exercise of supplemental jurisdiction. Letter from counsel for USI Holdings Corp. and USI Midatlantic, Inc. to the court of February 14, 2008, at 2.

The court finds that there has been no showing of extraordinary circumstances in these matters. Further, having considered judicial economy, convenience and fairness to the parties, the court finds that these factors weigh in favor of dismissal and remand of these matters. The federal law claims were not dismissed on the eve of trial, nor during trial itself. Trial, in fact, has not yet been scheduled in either matter. The fact that some motion practice has occurred in these matters, and that the court has become familiar with the facts of the case is not sufficient reason for this court to retain supplemental jurisdiction to decide solely state law claims. While the parties have clearly engaged in some discovery, there is no reason that they cannot use this discovery, and their work on briefing in this court, toward litigation in state court. See Annulli v. Panikkar, 200 F.3d 189, 203 (3d Cir. 1999), abrogation on other grounds recognized by Forbes v. Eagleson, 228 F.3d 471, 483-84 (3d Cir. 2000). No scheduling order has been issued by the court. Judicial economy and convenience to the parties do not weigh in favor of the retention of supplemental jurisdiction. Concerning fairness, USI Holdings Corp. and USI Midatlantic, Inc. removed Civil Action No. 07-447 from state court, knowing that this court may not accept or retain supplemental jurisdiction over the matter. Civil Action No. 06-5123 was not initiated by

either party in federal court but by Zurich, who is now dismissed from the matter, and USI Holdings Corp. and USI Midatlantic were brought into the matter by crossclaim on January 10, 2007 after M. Egan, J. Egan and Buzby initiated their state law claim, which, upon removal, became Civil Action No. 07-447, in state court by filing a writ of summons on July 28, 2006. Fairness to the parties does not weigh in favor of this court's continued exercise of supplemental jurisdiction. Finally, comity favors allowing the state court to hear the state law claims that comprise these matters. See Annulli, 200 F.3d at 203.

The parties have not shown the existence of extraordinary circumstances in either matter, and judicial economy, convenience, fairness to the parties and comity all weigh in favor of the dismissal of these actions and their remand to the Court of Common Pleas of Philadelphia County.

AND NOW, this 14th day of April, 2008, it is hereby ORDERED that the above-captioned matters are DISMISSED and REMANDED to the Court of Common Pleas of Philadelphia County. All pending motions are DENIED as MOOT. The Clerk of Court is directed to close both matters for all purposes.

BY THE COURT:

S/ James T. Giles
                    J.